IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELI LILLY COMPANY | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) Case No. 1:25-cv-00401-RGA |
| STRIVE PHARMACY LLC d/b/a STRIVE COMPOUNDING PHARMACY | ) ) ) ) |
| *Defendant*. | ) ) |

**DECLARATION OF ZACH SHURTLEFF**

I, Zach Shurtleff, declare and state as follows:

1. I am the Chief Marketing Officer of Strive Pharmacy LLC d/b/a Strive Compounding Pharmacy ("Strive"). I work from Strive's Arizona headquarters. I make most of the marketing decisions and assist Strive's marketing team in developing and executing marketing strategies on a day-to-day basis that help grow our business.

2. My duties include leading the strategic direction of Strive's marketing efforts and overseeing the creation of digital and print advertisements and then implementing decisions about how best to use those materials.

3. Strive takes a nation-wide approach when it comes to marketing and uses various channels, including its website and social media accounts on Instagram, Facebook, LinkedIn, X, and TikTok to reach the public at that level. As a result of that nationwide, organic approach, Strive has never targeted its marketing or advertising of prescription medications at the residents of Delaware.

4. We also do not modify our website, ads, or message based on a particular place or market. Strive's purpose and mission is the same no matter what medicine we're providing and no matter where we do business, and our marketing materials reflect that philosophy.

5. That includes our website. We have never aimed our website at Delaware or tried to include content to appeal especially to people in Delaware.

6. I've read Eli Lilly's complaint and the discussion about features on our website, like the "lookup tool" for providers or the link where patients can obtain refills. We never created those options to appeal to people specifically in Delaware or anywhere else. Anyone can use the lookup tool regardless of where they live.

7. As far as the lookup tool is concerned, any results the tool provides aren't limited to the state a user may search. You also can't look up providers by a specific medication they prescribe. The tool will show users any provider in the searched area, even if that provider is in another state from the user. So a person living on the border of Delaware and Pennsylvania, for example, could see results in both states, depending on where they searched.

8. We also have not aimed any paid advertising campaigns for compounded tirzepatide at any specific location, including Delaware. And, regardless of what Lilly says in its complaint, we have not even marketed compounded tirzepatide specifically as "personalized" on our website. We also have never targeted anyone by their zip code or run targeted ads in any city or state for compounded tirzepatide.

9. References to "personalized medicine" or similar references that we make on our website and in our advertising are references to the compounding services and medications Strive provides generally and not to any one medicine specifically. I know Lilly mentions our "weight management treatments" shown on our website in its complaint. But that isn't a reference to compounded tirzepatide, specifically. We offer many medications that providers use to help with weight management. We offer many compounded versions of semaglutide, for example, and have filled many prescriptions for compounded low-dose naltrexone, which many providers also prescribe for weight management (in connection with other therapies). And we have not aimed or curated any of that information for Delaware residents.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: May 27th 2025         By: _____